UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 13-cr-20346

Hon. Mark A. Goldsmith

MICHELLE LEE CZYSZ,

    Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO VACATE SENTENCE (Dkt. 20)

On August 22, 2016, Defendant filed a motion to vacate her sentence under 28 U.S.C. § 2255 (Dkt. 20), claiming the benefit of recent amendments to the sentencing guidelines related to Amendment 794, an amendment to the commentary for the mitigating role guideline reduction, U.S.S.G. § 3B1.2. The Government has responded (Dkt. 22). For the reasons set forth below, Defendant's motion is denied.

### I. DISCUSSION

On January 9, 2014, Defendant was convicted of aiding and abetting a Hobbs Act Interference With Commerce By Threat of Violence, 18 U.S.C. § 1951 and 2. See Judgment at 1 (Dkt. 19). Thereafter, effective November 1, 2015, Amendment 794 to the Sentencing Guidelines was adopted. It amended the commentary to U.S.S.G. § 3B1.2, clarifying the factors a sentencing court should consider when determining whether to apply the mitigating role adjustment under § 3B1.2. See U.S.S.G., Supp. to App'x C at 116-118 (2015).

Defendant's motion, brought under 28 U.S.C. § 2255, argues that Amendment 794 should apply retroactively to her sentence, resulting in a lower Guidelines range due to her claim that she

1

had only a minor role in the criminal activity underlying her conviction. See Def. Mot. 1-2 (citing United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016) (Amendment 794 applies retroactively to direct appeals)). The Government's response argues that any retroactivity of Amendment 794 is strictly limited to direct appeals; it has no applicability to Defendant's instant collateral attack on her sentence. See Gov't Resp. at 3-4.

The Government is correct. In Quintero-Leyva, 823 F.3d at 523, the Ninth Circuit held that Amendment 794 applied retroactively — but it specified that its holding concerned direct appeals. In United States v. Carter, ___ F.3d ___, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016), the Sixth Circuit adopted the reasoning of Quintero-Leyva and vacated the sentence of a defendant who was before it on direct appeal.

Defendant is not on direct appeal, having been convicted in January 2014, over two and a half years before filing the instant motion.[1] When faced with this procedural posture, courts have uniformly held that "[a] district court may resentence a defendant pursuant to a sentencing guideline amendment only if the Sentencing Commission has determined that the amendment is retroactive" via U.S.S.G. § 1B1.10. United States v. Burlingame, No. 15-CR-20042, 2016 WL 6777834, at *2 (E.D. Mich. Nov. 16, 2016). "Amendments that have been deemed retroactive are listed in U.S.S.G. § 1B1.10(d), and Amendment 794 is not listed" in § 1B1.10(d) of the current Guidelines Manual, which incorporates all amendments made effective on November 1, 2016 and earlier. Id.; see also Klosowski v. United States, No. 12-CR-20458, 2016 WL 6696023, at *1 (E.D. Mich. Nov. 15, 2016) (holding that Amendment 794 not retroactive on collateral appeal);

---

[1] To avail herself of retroactive amendments to the Guidelines, Defendant should have filed her motion under 18 U.S.C. § 3582(c)(2), rather than 28 U.S.C. § 2255. See, e.g., United States v. Horn, 679 F.3d 397, 399-400 (6th Cir. 2012). Because the result would not be different had Defendant filed her motion under the correct statute, however, the Court declines to construe this error against Defendant.

2

Aguas-Landaverde v. United States, No. 2:15-CR-00183, 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016), report and recommendation adopted, No. 2:15-CR-00183(2), 2016 WL 6070480 (S.D. Ohio Oct. 17, 2016) (same; collecting cases); United States v. Tapia, No. 8:14-CR-30-T-23TBM, 2016 WL 4815150, at *1 (M.D. Fla. Sept. 14, 2016) (same); United States v. Perez-Carrillo, No. 7:14CR00050, 2016 WL 4524246, at *1 (W.D. Va. Aug. 26, 2016) (same); Young v. United States, No. 3:16-CV-3139, 2016 WL 4472937, at *2 (C.D. Ill. Aug. 24, 2016) (same). Accordingly, Defendant's motion for modification of her sentence is denied.

## II. CERTIFICATE OF APPEALABILITY

Because Defendant's claims for relief lack merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## III. CONCLUSION

For the reasons set forth above, Defendant's motion to vacate her sentence (Dkt. 20) is denied, and a certificate of appealability is denied.

SO ORDERED.

Dated: June 22, 2017  s/Mark A. Goldsmith
 Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2017.

                                                    s/Karri Sandusky
                                                    Case Manager